SAMUELS, J.
The several endorsements on which this suit is founded, were made under color of authority conferred by the power of attornej' which was the subject of consideration in the case of Stainback v. Read & Co. recently decided in this court. This case, like the case above mentioned, turns upon the questions:
1st. Whether the endorsements were made in the proper exercise of the. agent’s authority.
2d. If not, whether there is anything in the dealing between the bank and the agent, which should bind the principal, notwithstanding the agent’s want of authority.
After the evidence had been heard on the trial in the court below, three several instructions were moved for by the defendant’s counsel, predicated upon portions of the evidence tending to show that the agent, in making the endorsements, was not acting in the business of the principal, but for the agent’s own benefit, and praying the court to instruct the jury, if they believed this fact, they should find for the defendant. These instructions were refused by the court; and therein the court erred. If the agent did in fact endorse the name of his principal on the bills for the agent’s own accommodation, he exceeded his authority, and the endorsements standing alone do not bind the principal.
2d. As to the second question: In the case above mentioned it was declared that under certain circumstances *therein mentioned, a principal might be bound by the act of the agent, although the agent may have exceeded his authority. This modification of the general rule in regard to a power to endorse, &c., applies in the case of an innocent holder for value, who has become such by the act of an agent apparently within the scope of his authority. The court, in the absence of all proof tending to prove the fact, should not have submitted it to the jury to find whether the bank was an innocent holder. So far from showing that the bank might have been deceived and "was probably deceived by the agent, the evidence tends strongly to prove the reverse. In legal intendment the bank knew the limits of the agent’s written authority; they had that authority in their own keeping"; the bills were drawn by the agent in his own name and behalf; the name of the principal, who was the payee, was endorsed by the agent; and yet the bills are found in the hands of the drawer and offered by him for discount for his own benefit, and they are discounted accordinglj’’, and the proceeds applied to the credit of the agent’s own individual account. At the time the proceeds of the bills "were so applied to the agent’s credit, he was indebted to the bank in a large amount; and thus his debt was paid, so far as the proceeds of the bills extended. In every stage of the proceeding with which the bank was connected, it was perfectly apparent that the business of the agent, and not of the principal, was to be promoted.
It will not do to say that the agent might, by a certain disposition of the proceeds, have indemnified his principal; and that the bank could not know that he would not do so. The answer is obvious, that the proceeds of the bills "were at once applied to his own benefit on the books of the bank, with its full knowledge and consent. If the possibility that an agent may indemnify his principal against abuse of power *may be relied on to bind the principal, the practical and beneficial effects of limitations in powers will be destroyed; for in every case the agent may possibly indemnify his principal against such abuse.
The remaining questions growing out of the protests, and the mode of transmitting the notices of dishonor, are considered in another case between the same parties; and I refer to what is there said as expressing my opinions on those questions.
I am of opinion to reverse the judgment, and remand the case for a new trial to be had in conformity with the principles herein declared, if on such new trial the proof shall be the same in substance as on the former trial.
ALLEN and DANIEL, Js., concurred.
MONCURE and LEE, Js., dissented.
The judgment was as follows :
It seems to the court here, that the power of attorney from L. E. Stainback to E. C. Stainback, given in evidence at the trial, as between the principal and agent, gave the attorney no authority to endorse the bills given in evidence, with the name of L. E. Stainback, for the accommodation of the attorney; and that parties dealing with *127 the attorney, and having the. means of knowing that he, in endorsing the name of the principal and obtaining a discount thereon, did so for the accommodation of the agent and not of the principal, cannot recover of the principal. It further seems to the court, that the facts appearing in the record, that the attorney, who was also the drawer, held the bills at the time they were offered for discount and discounted by the defendants in error, and that the proceeds were passed to the credit of the attorney, the drawer as aforesaid, are of themselves full proof *that the attorney was acting for his own benefit and not that of his principal; all which was known to the defendants. It therefore seems to the court that the Circuit court erred in refusing to give in substance the three several instructions moved for by the plaintiff, and in giving that which was given in lien thereof.
Therefore, it is considered bj* the court that the judgment aforesaid be reversed and annulled, and that the defendants pay to the plaintiff his costs expended in this court; that the verdict of the jury be set aside, and the cause remanded, with instructions that if upon any future trial the evidence shall be in substance the same as at the former trial, and if the defendant in the court below shall ask it, the court shall instruct the jury in accordance with the opinion of this court, as herein declared.